IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| MAIMOUNA CAMARA, | * |
| Plaintiff, | * |
| v. | *   Case No. 8:23-cv-01782-AAQ |
| BLACK DIAMOND RESTAURANT LLC, ET AL., | * |
| | * |
| Defendants. | |
| | * |

**MEMORANDUM OPINION AND ORDER**

This is a dispute over unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Maryland state law. Pending before the Court is a Joint Motion for Approval of Settlement of said dispute between the parties pursuant to 29 U.S.C. § 216. ECF No. 54. For the reasons discussed below, the Joint Motion shall be GRANTED, and the case shall be STAYED.

**BACKGROUND**

The parties have laid out the facts of the case in their Joint Motion for Approval of the Settlement. Plaintiff, Maimouna Camara, worked at Black Diamond, a restaurant in Silver Spring, Maryland, from February 24, 2023, until June 3, 2023, as a cocktail waitress. ECF No. 54, at 2; ECF No. 1, at 2. During this period, Defendants paid her exclusively in gratuities, failing to even pay her the subminimum wages Maryland law requires. *Id.* Defendants, for their part, deny that Plaintiff was entitled to these wages, alleging that during the period of her employment, Plaintiff

1

worked as an independent contractor. *Id.* at 3. Defendants also dispute that Plaintiff worked as many hours as she claims. *Id.*

On July 3, 2023, Plaintiff initiated this lawsuit. ECF No. 1. On October 25, 2023, with leave of the Court, ECF No. 33, Plaintiff filed a Second Amended Complaint, ECF No. 34. According to the Second Amended Complaint, Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 203(m); the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-419; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-503, 3-505, by: (1) failing to notify Plaintiff of the tip credit rules and pay her the mandatory Maryland subminimum wage, thereby entitling her to recover the Maryland minimum wage ($13.25 per hour) for the entirety of work time (approximately 16-18 hours per week) (total unpaid wages of $3,299.25); and (2) failing to pay Plaintiff her promised gratuity which she earned over the course of 4 workdays (total of $2,022.17). ECF No. 31-2, at 5-8. As relief, Plaintiff sought her unpaid wages ($5,321.42) and liquidated damages equal to two times the unpaid wages ($10,642.84) under the MWPCL. ECF No. 31-2, at 8-9.

The parties were set to have a settlement conference in the case on April 25, 2024, before the Honorable Timothy J. Sullivan. ECF No. 49. However, before this could occur, on February 12, 2024, the parties filed the pending Motion. ECF No. 54. According to the Motion, the parties conducted some discovery, including Plaintiff issuing document requests, requests for admissions, and two sets of interrogatories. *Id.* at 3. Defendants responded to the requests for admissions. *Id.* Had the parties not reached a settlement, Plaintiff would have moved to compel responses to her remaining discovery requests. *Id.* Plaintiff also served a third-party subpoena on "Clover," the company that provides Black Diamond with software, to obtain Plaintiff's time records. *Id.* Defendants also served Plaintiff with interrogatories and document requests to which Plaintiff

2

responded. *Id.* According to the Settlement, Defendants have proposed to pay Plaintiff $8,500 to settle her claims, but have not reached an agreement on attorney's fees. *Id.* at 1. The parties ask that the Court stay the case for thirty days, thus allowing Defendants to make payment to Plaintiff. *Id.* In the interim, the parties will continue to negotiate the amount of attorney's fees Defendants will pay. *Id.* In the event that the parties are not able to reach agreement, Plaintiff will separately submit a request for fees in accordance with a schedule to which the parties have jointly agreed. *Id.* at 7.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts should approve settlements that "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, typically, district courts in the Fourth Circuit "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). These considerations include ensuring there is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions" by evaluating: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorney's fees, if included in the agreement, are reasonable. *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355) (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va.

3

Sept. 28, 2009); *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)).  Evaluation of the aforementioned, with discussion of the relevant facts, follows below.

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement and stay this case.  The Court finds that approval is proper as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

### A.  Existence of a *Bona Fide* Dispute

To determine "whether a *bona fide* dispute exists as to a defendant's liability under the FLSA," the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16-17).  Disagreement over an employee's classification constitutes a *bona fide* dispute in FLSA cases.  *See Smith v. David's Loft Clinical Programs, Inc.*, No. 21-cv-03241-LKG, 2022 WL 16553228, at *4 (D. Md. Oct. 31, 2022) (finding a *bona fide* dispute where plaintiffs alleged that they were misclassified as exempt employees under the FLSA and defendants said they relied on legal advice in making their classification). "Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability." *Fernandez v. Washington Hosp. Servs., LLC*, 8:23-cv-839-AAQ, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see Duprey*, 30 F. Supp. 3d at 408 (finding a *bona fide* dispute where the "parties disagree[d] about Duprey's rate of pay and hours worked").

In their Joint Motion, the parties highlight the FLSA issues that create a *bona fide* dispute. The parties dispute whether Plaintiff was an employee or independent contractor under the FLSA. ECF No. 54, at 4.  Additionally, the parties dispute the number of hours Plaintiff worked, which

4

would impact the calculation of damages available if Plaintiff is found to be non-exempt. *Id.* at 5. Accordingly, the Court finds that a *bona fide* dispute exists between the parties under the FLSA.

### B. Fairness and Reasonableness of the Settlement Agreement

Next, the Court considers whether a settlement agreement is fair and reasonable. In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *A.H. Robins Co. v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.)*, 88 B.R. 755, 760 (E.D. Va. 1988)). Here, the parties participated in discovery, including the exchange of interrogatories and document requests. ECF No. 54, at 5. While Plaintiff responded to all of Defendants' requests, Defendants provided only responses to Plaintiff's requests for admission. *Id.* at 3, 6. Nonetheless, by participating in discovery, the parties gained a fuller understanding of their cases and thus, were better able to engage in settlement. *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 366 (D. Md. 2016) ("Parties may settle an FLSA case at an early stage provided that a plaintiff has had sufficient

5

opportunity to evaluate the viability of his or her claims and the potential range of recovery."). Despite the fact that discovery was not as fulsome as it has been in some other cases, given the fact that each side has provided some information to the other and one party has received responses to all of its requests, this factor weighs in favor of finding that the Settlement is fair.

The second factor looks to the current stage of the proceedings. Settlements can be fair where proceeding further would be difficult and costly and the parties would prefer to end proceedings before making significant investments in litigation. Here, the parties had previously scheduled a settlement conference with another Judge of the Court — accordingly, they were set to meet and hopefully reach the same or a similar agreement in less than three months. ECF No. 49. By reaching a settlement, the parties avoided the additional delay that would come from waiting for the Conference and the expense resulting from litigating Defendants' failure to respond to some of Plaintiff's discovery requests. Further, Plaintiff has indicated that were the case to proceed further, she would have to designate a digital forensic document examiner expert witness. ECF No. 54, at 6. The desire to avoid the additional time and cost associated with significant litigation bolsters a finding that a settlement is reasonable. *See Hackett*, 259 F. Supp. 3d at 366 (approving settlement where "informal exchange of information between parties has allowed them to appropriately ascertain facts and evaluate the strength of their respective positions without incurring the expense that would be created by protracted litigation of what would likely become a complex case"). Given the parties' joint preference to terminate proceedings early rather than invest time and money in litigation, this factor weighs in favor of finding this Settlement to be fair.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement. There are no facts presented that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."

*Lomascolo*, 2009 WL 3094955, at *12. Further, the parties attest that they "agreed to the principal terms of the proposed Settlement Agreement while represented by counsel and after protracted, arms-length negotiations about the terms of the settlement." ECF No. 54, at 6. Accordingly, this factor weighs in favor of approving the Settlement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett*, 259 F. Supp. 3d at 366 (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). The parties state that Plaintiff's counsel "and the other professionals at Melehy & Associates, LLC have represented numerous employees in FLSA wage cases in Federal Court, both in this District and the District of Columbia." ECF No. 54, at 7. Likewise, Defendants' counsel "has represented companies and individuals in matters involving wage disputes under Federal and State[] statutes." *Id.* Accordingly, I am satisfied that counsel are sufficiently experienced in litigating similar matters.

The fifth factor incorporates the opinions of counsel. Counsels' opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement. *See Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021). In their Joint Motion, both counsel endorse the underlying Agreement "given the inherent risk and uncertainty of proceeding to trial as well as the significant time and expense each side would incur in continuing with discovery." ECF No. 54, at 7. While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*,

7

2009 WL 3094955, at *12 (internal quotation marks omitted)), their representations weigh in favor of approving the Settlement.

Applying the sixth factor, courts weigh the probability of a plaintiff's success and the relationship between the amount of the settlement and the potential recovery. Plaintiff faces multiple challenges before any potential recovery. First, Plaintiff must demonstrate that she was misclassified as an exempt employee. If successful, she must then prove the number of hours she worked. As discussed above, in her Second Amended Complaint, Plaintiff requested a total of $15,964.26. ECF No. 31-2, at 8. Under the terms of the Settlement, Plaintiff would receive $8,500, which constitutes 100 percent of her requested backpay and an additional 30 percent of her requested liquidated damages. *See* ECF No. 54, at 6-7. Given the significant degree of recovery and the remaining disputes in the case, the settlement reflects a fair resolution of the dispute. *Cf. Gue v. Shree Pashuapati Corp.*, No. DKC-21-44, 2021 WL 2414866, at *2-3 (D. Md. June 14, 2021) (approving settlement in which plaintiff received, in total, twenty percent of claimed backpay); *Lee v. Ex-Exec Lube, LLC*, No. DLB-19-3195, 2021 WL 1117274, at *2-3 (D. Md. Mar. 24, 2021) (approving settlement in which plaintiff received, in total, fourteen percent of claimed backpay). The relationship between potential and actual recovery is enough to weigh in favor of settlement, since the mere possibility of greater recovery does not make this Settlement unfair. *See Strother v. OS Rest. Servs., LLC*, No. 8:22-cv-0845-AAQ, 2023 WL 1769733, at *4 (D. Md. Feb. 3, 2023) ("[T]here is also a possibility that Plaintiff is entitled to a lesser amount of damages or no damages at all. Thus, the probability of full recovery is not so great as to outweigh the benefits of settlement in this case." (alteration in original) (quoting *Kuntze v. Josh Enters., Inc.*, No. 2:18cv38, 2019 WL 2179220, at *3 (E.D. Va. May 20, 2019))).

This Settlement does include a general release of claims by the Plaintiff that exceed those in the Complaint. ECF No. 54-2, at 5. Such a release can render the Settlement Agreement unreasonable. *Duprey*, 30 F. Supp. 3d at 410 (citing, *inter alia*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010)); *Saman*, 2013 WL 2949047, at *5. However, so long as the "employee is compensated reasonably for the release executed, the settlement can be accepted" and the Court need not consider the "reasonableness of the settlement as to the non-FLSA claims." *Duprey*, 30 F. Supp. 3d at 410; *see Gue*, 2021 WL 2414866, at *1 (finding settlement reasonable despite presence of general release); *Lee*, 2021 WL 1117274, at *1 (same). As noted above, the Settlement provides Plaintiff all of her claimed backpay, as well as a significant portion of her liquidated damages, even though Defendants vehemently deny liability.

Upon consideration of these factors, the Court finds the Settlement to be fair and reasonable.

## CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement will be GRANTED and this case shall be STAYED.

So ordered.

Date:   February 15, 2024                                          /s/
                                                              Ajmel A. Quereshi
                                                              United States Magistrate Judge